O

# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **SACV 15-183-JGB (KKx)** | Date | February 17, 2015 |
|---|---|---|---|
| Title | *Victor Manuel Meza Noyola v. Department of Homeland Security, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order: (1) DISMISSING Petition for Writ of Habeas Corpus (Doc. No. 1); (2) LIFTING the Stay of Removal (Doc. No. 5)

On February 4, 2015, Petitioner Victor Manuel Meza Noyola ("Meza") filed a request for an emergency stay of removal ("Stay Request," Doc. No. 4). The Stay Request asserted that Meza's removal was imminent and asked that the Court grant an emergency stay in order to: (1) give Petitioner time to have a separate stay of removal application considered by United States Immigration and Customs Enforcement ("ICE") and (2) allow time for the to Court review the appropriateness of his removal "during the rule making stage of the Obama Program which would cover the Petitioner". (Stay Request at 1.) Meza's underlying habeas petition – filed on the same day as the Stay Request – asserts that his due process rights were violated by the BIA and that his Fourth Amendment rights were violated when ICE withdrew his bond on January 29, 2015. (Stay Request at 5-6.)

On Febrary 5, 2015, the Court granted the Stay Request and issued a temporary restraining order barring the deportation of Meza. (Doc. No. 5.) On February 11, 2015, respondents Department of Homeland Security and ICE ("Respondents") filed an opposition to the Stay Request. ("Opposition," Doc. No. 7.) The Opposition contends that the Court lacks subject matter jurisdiction pursuant to the Real ID Act of 2005, codified at 8 U.S.C § 1252(a)(5). On February 12, 2015, Meza filed a Reply in support of his Stay Request. ("Reply," Doc. No. 8) The Court held a hearing on the matter on February 13, 2015.

For the reasons discussed below, the court LIFTS the emergency stay of removal and DISMISSES the case for lack of subject matter jurisdiction.

## I. BACKGROUND

Meza is a native and citizen of Mexico. On June 14, 2005, Meza was found to be removable by an Immigration Judge ("IJ"). The record does not disclose the basis for the determination, although Exhibit 1 to the Stay Request suggests that Meza was ordered removed for being an "alien present without admission or parole." (Doc. No. 4-1, Exh. 1 at 4.) Meza apparently requested cancellation of removal based on the hardship his removal would cause to his son – a United States citizen – who is mentally disabled.[1]

Meza appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Stay Request at 4.) Meza argued that the IJ erred in finding that his son would not suffer the requisite "exceptional and extremely unusual" hardship if Meza were removed to Mexico. (Id.) Meza also argued that his due process rights had been violated by the IJ's failure to consider all the relevant factors relating to his son's hardship. (Id.) The BIA dismissed Meza's appeal on January 11, 2007. (Id.) Meza filed a motion to reopen with the BIA, premised on an ineffective assistance of counsel argument; Meza argued that his previous counsel had not sufficiently explained to the BIA the extent of his son's disability. It appears that the BIA rejected Meza's argument and denied the motion to reopen.[2]

After the denials from the BIA, Meza filed multiple petitions for review with the Ninth Circuit. All have been denied.[3]

## II. LEGAL STANDARD

The REAL ID Act of 2005 stripped district courts of habeas jurisdiction over final orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals. 8 U.S.C. § 1252. Section 1252(a)(5) provides in relevant part that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision" of the Act. 8 U.S.C. § 1252(a)(5). In addition, section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added). District courts thus lack jurisdiction over habeas petitions that seek judicial review of "any 'questions of law and fact' arising from an order of removal." Morales–Izquierdo v. Dep't of Homeland Sec.,

---

[1] 8 U.S.C. § 1229b(b)(1)(d) allows the Attorney General to cancel removal of an alien who establishes that his or her removal would result in "exceptional and extremely unusual hardship" to a qualifying United States citizen relative.

[2] Meza provided a very limited background of the procedural history in this case, so the Court has attempted to reconstruct it as well as possible given the limited record.

[3] See CA 10-72776 (order dated Jan. 19, 2011); CA 11-71561 (Feb. 23, 2012); CA 12-71398 (July 11, 2012); CA 13-71231 (Apr. 25, 2013); CA 13-71947 (Sep. 11, 2013); CA 13-74362 (Sept. 18, 2014); CA 15-70294 (Feb. 3, 2015).

600 F.3d 1076, 1080 (9th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(9)).  However, these provisions do not prohibit "the ability of a court to review claims that are independent of challenges to removal orders." Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012)

### III. DISCUSSION

The analysis here is complicated by the muddled nature of Meza's claims for relief. Nevertheless, clarity is important on this issue, as it affects the jurisdictional analysis. If Meza's habeas petition seeks judicial review of any question of law and fact arising from his removal order, then the Court lacks jurisdiction – including that necessary to enter a stay of removal. In other words, the habeas petition claims are what matter; the reasons asserted in the Stay Request (allowing time for ICE to review a separate stay application and the Court to review the possibility of Plaintiff obtaining relief under Deferred Action for Parental Accountability) cannot provide a jurisdictional hook for Plaintiff's claims.

Here, Meza's habeas petition raises two grounds for relief: (1) a due process claim arising from the BIA's alleged failure to adequately consider the hardship posed to Meza's son; and (2) a Fourth Amendment claim arising from ICE taking Meza into custody on January 29, 2015, even though ICE had granted Meza supervised release in 2013.  (Doc. No. 1 at 3.)[4]

The first claim clearly arises from the removal order, and thus cannot confer jurisdiction. See Martinez, 704 F.3d at 623 (9th Cir. 2012) (finding the district court lacked jurisdiction where petitioner challenged the "procedure and substance of the BIA's determination that [petitioner] was ineligible for . . . withholding of removal.")  The second claim is a closer call.  However, the Court is guided by the statutory language of Section 1252(g), which states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . <u>execute removal orders</u> against any alien under this chapter."  8 U.S.C. 1252(g) (emphasis added).  ICE's decision in 2013 to grant Meza supervised release did not nullify the underlying removal order.  Thus, when ICE took Plaintiff back into custody on January 29, 2015, it made a decision to execute a valid removal order.[5]  Accordingly, the Court does not have jurisdiction over Plaintiff's habeas claims.

---

[4] Meza's habeas petition states:

"5th Amendment due process: Petitioner appealed an immigration judge's deportation order on grounds of hardship to his US citizen child.  Board of Immigration Appeals did not take all the hardship into consideration.  Petitioner has not had his day in court." (Doc No. 1 at 3.)

"4th Amendment violation: On October 23, 2013, Immigration and Customs Enforcement ordered Petitioner to be placed under supervision and permitted [sic] to be at large.  Without reason, Petitioner has been incarcerated." (Id.)

[5] At the hearing, Meza cited repeatedly to Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008).  However, Casas-Castrillon is not applicable here.  In that case, the Ninth Circuit held that even though the detention of an alien pending removal may be authorized, the Government could not detain a legal permanent resident without providing him a neutral forum in which to contest the necessity of his continued detention.  535 F.3d at 949.  Here, Meza (continued . . . )

Here, the relief Plaintiff seeks must come, if it all, from the Ninth Circuit.  <u>Lopez v. Dep't of Homeland Sec.</u>, 2010 WL 4279314, at *1 (C.D. Cal. Oct. 21, 2010) ("The [REAL ID] Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.")

### IV. CONCLUSION

As the Court lacks jurisdiction to reach the merits of Plaintiff's habeas claims, the Court DISMISSES Meza's petition for writ of habeas corpus.  The temporary stay of removal is LIFTED.

**IT IS SO ORDERED.**

---

( . . . continued)
<u>was</u> granted supervised release pending a petition to the Ninth Circuit.  However, when that petition was dismissed, Meza was taken back into custody to effectuate his removal.  <u>Casas-Castrillon</u> does not address the termination of a bond due to the execution of a valid removal order.